# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | ) |
| *Plaintiff-Appellee*, | ) DOCKET NO. 23-4759 |
| vs. | ) |
| **KEITH CATO HAMMIE**, | ) |
| *Defendant-Appellant.* | ) |

## MOTION TO DISMISS APPEAL

Defendant Keith Cato Hammie appeals the sentence he received after pleading guilty to trafficking methamphetamine. Hammie waived his right to appeal his conviction and sentence. The record establishes that Hammie entered his guilty plea knowingly and voluntarily after a thorough plea colloquy with the district court. The United States, therefore, moves to dismiss Hammie's appeal.

## BACKGROUND

Between November of 2021 and February of 2021, Hammie sold an undercover detective more than 300 grams of methamphetamine, nearly all of which was actual methamphetamine. J.A. 121. The

1

police executed a search warrant at Hammie's Charlotte, North Carolina, home after the fourth transaction and found more than 1,700 grams of actual methamphetamine in the garage, another 27.32 grams of actual methamphetamine and four firearms in Hammie's bedroom, a digital scale in the kitchen, and a drug ledger in on a desk in the office. J.A. 121–122. In a storage unit rented to Hammie's girlfriend, the police found 1.4 kilograms of suspected cocaine and 20 kilograms of suspected marijuana. J.A. 122.

A federal grand jury indicted Hammie and charged him with four counts of distributing methamphetamine, one involving at least 5 grams of actual methamphetamine, two involving at least 50 grams of actual methamphetamine, and one involving at least 50 grams of a methamphetamine mixture, 21 U.S.C. § 841(a)(1); possessing with intent to distribute methamphetamine, 21 U.S.C. § 841(a)(1); possessing a firearm in furtherance of a drug-trafficking offense, 18 U.S.C. § 924(c); and possessing a firearm as a convicted felon, 18 U.S.C. § 922(g)(1). J.A. 9–11. Hammie entered into a plea agreement with the United States and agreed to plead guilty to one methamphetamine-

2

distribution offense involving at least 5 grams of actual methamphetamine. J.A. 9, J.A. 85. Hammie agreed that at least 30,000 kilograms but less than 90,000 kilograms of converted drug weight were known or reasonably foreseeable to him. J.A. 86. And in the same paragraph, addressing recommendations that the parties would make to the court related to the United States Sentencing Guidelines, the parties agreed that Hammie's offense level should be increased by two levels because he possessed a firearm in connection with the offense, and the United States agreed not to oppose a sentence at the bottom of the "applicable guidelines range determined by the district court at sentencing." J.A. 86–87.

Under a section entitled "Waivers," Hammie agreed, "in exchange for the concessions made by the United States," to waive "all rights to contest the conviction and sentence in any appeal or post-conviction action," except on the bases of (1) ineffective assistance of counsel and (2) prosecutorial misconduct. J.A. 89. In addition to their plea agreement, the parties filed a factual basis supporting Hammie's guilty plea. J.A. 13–14.

3

The district court, Magistrate Judge David C. Keesler, conducted a hearing in accordance with Federal Rule of Criminal Procedure 11 and found that Hammie's guilty plea was knowing and voluntary. J.A. 15–33. During the colloquy, Hammie affirmed that his mind was clear and that he understood that he was in court to enter a guilty plea. J.A. 19. After the magistrate judge reviewed the charge against Hammie and the maximum penalty he faced, Hammie affirmed that he understood the charge and its consequences. J.A. 19–20. The magistrate judge explained the sentencing process and that Hammie could receive a sentence that was either higher or lower than the range advised by the Sentencing Guidelines. J.A. 21. Hammie affirmed that he understood and that he understood further that would be bound by his plea, even if he received a sentence more severe than he expected. J.A. 21–22. Hammie also affirmed that he was guilty of the drug-trafficking offense and that the factual basis filed by the parties was an accurate description of his offense conduct. J.A. 23, J.A. .

After the prosecutor summarized the parties' plea agreement, Hammie affirmed that the prosecutor's summary was accurate and that

4

Hammie understood the terms of his plea agreement. J.A. 23–28. Hammie also affirmed that under the terms of the parties' agreement, his right to appeal his conviction and sentence had been "expressly waived," except for claims of prosecutorial misconduct or the ineffective assistance of counsel. J.A. 28. When asked about whether he was satisfied with the services of his lawyer, Hammie replied, "Yes." J.A. 30.

The probation officer prepared a presentence report and found a total offense level of 37. J.A. 124. This offense level included a two-offense-level increase because Hammie possessed a firearm during the offense, U.S.S.G. § 2D1.1(b)(1); and a two-offense-level increase because Hammie maintained a premises for the purpose of manufacturing or distributing a controlled substance, *id.*, § 2D1.1(b)(12). J.A. 123. The probation officer concluded that the Sentencing Guidelines advised a sentence of between 235 and 293 months in prison, based on a total offense level of 37 and a criminal-history category of II. J.A. 136. Hammie objected to the increase based on his having maintained a

5

premises for the purpose of distributing a controlled substance.   J.A. 112–114.

The district court, the Honorable Kenneth D. Bell presiding, conducted Hammie's sentencing hearing.   J.A. 47–76.   At the beginning of the hearing, the district court found a factual basis to support Hammie's guilty plea.   J.A. 48.   Addressing Hammie's objection to the increase based on Hammie's having maintained a premises for the purpose of drug distribution, the United States presented the testimony of an investigating police officer.   J.A. 51. The officer testified that the storage unit the officers had searched contained eight to ten items, including one large plastic container that held "numerous pounds of suspected marijuana" and a box that contained suspected cocaine.   J.A. 52.   Six to eight of the other boxes did not contain controlled substances, and a couple of those boxes were empty.   J.A. 52–53.

The district court then overruled Hammie's objection to the two-offense-level increase for maintaining a premises for drug trafficking, finding by a preponderance of the evidence that both the home and the

6

storage unit support application of the increase. J.A. 60–61. The court found that the Sentencing Guidelines advised a sentence of between 235 and 293 months in prison, based on a total offense level of 37 and a criminal-history category of II. J.A. 61–62. The district court sentenced Hammie to a downward-variance term of 223 months in prison. J.A. 74, J.A. 79. Hammie filed a timely notice of appeal. J.A. 84.

## ARGUMENT

**Because the record establishes that Hammie knowingly and voluntarily waived his right to appeal his sentence none of the exceptions to that waiver apply, this Court should dismiss his appeal.**

### A. Standard of Review

Whether a defendant effectively waived his right to appeal is a matter of law that this Court reviews *de novo*. *United States v. Singletary*, 75 F.4th 416, 422 (4th Cir. 2023).

### B. Discussion

This Court should dismiss Hammie's appeal. Federal Rule of Criminal Procedure 11(b)(2) requires that before accepting a defendant's guilty plea, the court must address the defendant in open

7

court and determine "that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)." *See United States v. DeFusco*, 949 F.2d 114, 119 (4th Cir. 1991). As this Court has explained, a guilty plea "must reflect 'a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *United States v. Moussaoui*, 591 F.3d 263, 278 (4th Cir. 2010). "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established." *United States v. Lemaster*, 403 F.3d 216, 222 (4th Cir. 2005). For this reason, a defendant seeking to challenge the voluntariness of his guilty plea after affirming his choice to plead guilty in a Rule 11 proceeding "bears a heavy burden." *United States v. Bowman*, 348 F.3d 408, 417 (4th Cir. 2003).

It is well established that a defendant may waive the right to appeal his conviction or sentence in a valid plea agreement and the waiver is valid if it is knowingly and voluntarily made. *United States v. Weon,* 722 F.3d 583, 588 (4th Cir. 2013). Whether a waiver is knowing and voluntary is evaluated based on the totality of the

8

circumstances, including the background, experience and conduct of the accused. *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018). And, "[g]enerally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. Thornsbury*, 707 F.3d 522, 528 (4th Cir. 2012).

The record in this case establishes that Hammie knowingly and voluntarily pleaded guilty and waived his right to appeal his sentence on appeal, except on the bases of ineffective assistance of counsel or prosecutorial misconduct. The district court conducted a thorough and careful Rule 11 colloquy, during which Hammie affirmed that he understood the terms of his agreement with the United States, the maximum penalties he faced, and the waiver of his right to appeal. The Rule 11 proceeding was routine and suggests no error or omission. The record establishes, therefore, that his guilty plea was knowing and voluntary.

Hammie's argument that the district court abused its discretion

and imposed a procedurally unreasonable sentence based on a miscalculation of the advisory guideline range falls squarely within the scope of his appeal waiver. *See United States v. McGrath*, 981 F.3d 248, 250 (4th Cir. 2020) (holding that defendant's argument that his sentence was procedurally unreasonable fell within the scope of his appeal waiver). Accordingly, this Court should dismiss Hammie's claim of sentencing error.

## CONCLUSION

Hammie waived his right to appeal, and his claims of sentencing error do not fall within any exception to the appeal waiver. The United States respectfully requests, therefore, that this Court dismiss this appeal.

RESPECTFULLY SUBMITTED, this 3rd day of June, 2024.

>DENA J. KING
>UNITED STATES ATTORNEY
>
>s/Amy E. Ray
>Assistant United States Attorney
>Room 233, U.S. Courthouse
>100 Otis Street
>Asheville, North Carolina   28801
>Telephone:   (828) 271-4661
>Fax:   (828) 271-4670
>E-mail:   Amy.Ray@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on this 3rd day of June, 2024, a copy of the foregoing ***Motion to Dismiss Appeal*** was served upon Hammie by serving his attorney of record through electronic case filing.

>s/Amy E. Ray
>Assistant United States Attorney
>USAO Asheville, NC